IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

BARRY JOE STULL

        Plaintiff,

                              3:11-cv-00795-PK

                              FINDINGS AND
v.                             RECOMMENDATION

CITY OF PORTLAND
        Defendant.

PAPAK, Magistrate Judge:

        Plaintiff *pro se* Barry Joe Stull filed this action against the City of Portland alleging that the Portland City Council's enactment of Ordinance #183754 violated his constitutional due process rights and the Americans with Disabilities Act (ADA). He seeks to proceed *in forma pauperis*. (#1.) The City of Portland has moved for an extension of time in which to answer Stull's complaint. (#5.) For the reasons discussed below, Stull's *in forma pauperis* application is granted, the court should dismiss Stull's action *sua sponte* with leave to refile as described herein, and the court should deny the City of Portland's motion for extension of time as moot.

//

//

Page 1 - FINDINGS AND RECOMMENDATION

## FACTUAL BACKGROUND

Stull's complaint concerns the Portland City Council's passage of Ordinance #183754, a sidewalk use ordinance. Stull is apparently disabled, camps on City of Portland property, and performs for tips as a street musician. (Compl., #2, at 3); (Application, #1, at 2,3.) Stull also alleges that he offered testimony before the City Council on an earlier version of the city's sidewalk management plan. (Compl., #2, at 3.)

Stull asserts that Portland City Council's passage of Ordinance #183754 violated provisions of the Portland City Charter concerning appropriate voting procedures. On May 6, 2010, the City Council voted to enact Ordinance #183754. (Compl., #2, at 3.) Stull contends that because it was promulgated as an emergency ordinance, passage of Ordinance #183754 required the unanimous vote of at least four of the five council members present. *See* Portland City Code § 3.02.040(I)(2) ("Emergency Ordinances. The unanimous vote of all members present and no less than four members shall be required to pass an emergency ordinance.") Stull alleges that Commissioner Randy Leonard was absent from the City Council meeting and that Commissioner Dan Saltzman was present for some of the meeting, but left and subsequently voted by telephone. (Compl., #2, at 4.) Stull asserts, however, that the Saltzman's telephone vote failed to comply with the "rules of the City Charter," which require certain procedural steps be taken when City Council members attend by telephone or other electronic communication.[1]

---

[1]Contrary to Stull's allegation, the requirements for telephone voting appear elsewhere in the Portland City Code, not in the City Charter. Specifically, Portland City Code § 3.02.025 provides:

> Members of the City Council may attend and be present at public meetings by means of telephone or other electronic communication allowing voice transmission provided that all the conditions in subsections A-D are fulfilled.

Page 2 - FINDINGS AND RECOMMENDATION

*Id.* at 4.

Stull styles his complaint as a single claim against the City of Portland for enforcing Ordinance #183754 "in violation of due process rights guaranteed under the United States Constitution." (Compl., #2, at 4.) In the midst of that claim, Stull also alleges "[t]he City of Portland has no lawfully enacted ordinance maintaining its sidewalks per the A.D.A." *Id.* Consequently, Stull seeks a declaration that Ordinance #183754 is unconstitutional, and an injunction prohibiting further enforcement of the ordinance and requiring the City to enact an ordinance "requiring maintenance of the public sidewalks pursuant to the requirements and

---

> A. An emergency exists such that failure to allow participation of City Council members by electronic communication would jeopardize the public interest, health, safety or welfare.
>
> B. Prior to commencement of the meeting, the Auditor or designate shall make reasonable efforts to notify all City Council members who are expected to be unable to be physically present at the location of the meeting in order to give them an opportunity to participate by electronic communication.
>
> C. At the commencement of the meeting, the Council shall make a record of the circumstances constituting the emergency which requires use of electronic communication and a record of the nature and extent of the attempts made to give each physically absent Council member an opportunity to participate by electronic communication. After making this record, the Council shall give an opportunity to all those physically present at the meeting to state on the record any objection they have to conducting the meeting by electronic communication.
>
> D. Except for an executive session, the Council shall make available at least one place where the public entitled to attend the meeting can listen to the communication at the time it occurs by speakers or other devices. The place provided may be a place where no members of the Council are present. All other requirements of state law and City Code concerning the conduct of meetings by electronic communication shall be met.

*Id.* (available at http://www.portlandonline.com/auditor/index.cfm?c=28201&a=13377).

Page 3 - FINDINGS AND RECOMMENDATION

limitations of the [ADA]." *Id.* at 5.

## ANALYSIS

Federal Civil Procedure Rule 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction"). A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *See, e.g., Home Builders Ass'n v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998); *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996). Moreover, in connection with *in forma pauperis* actions such as this, the district courts are obliged to dismiss *sua sponte* both actions that are frivolous or malicious, or actions that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2).

Here, there are several defects in Stull's complaint that require *sua sponte* dismissal. Most notably, Stull does not allege any facts suggesting that he has standing to bring a constitutional challenge to Ordinance #183754. To establish Article III standing, a plaintiff must show: (1) injury in fact; (2) causation; and (3) redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Thus, "federal standing requires an allegation of a present or immediate injury in fact, where the party requesting standing has 'alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues.'" *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 804 (1985), *quoting Baker v. Carr*, 369 U.S. 186, 204 (1962)). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice" to

Page 4 - FINDINGS AND RECOMMENDATION

demonstrate injury for standing. *Lujan*, 504 U.S. at 561. Since Stull's complaint does not state what, if any, actual injury he has suffered from the enactment of Ordinance #183754, Stull fails to provide even the minimal allegations required to suggest he possesses standing.

Second, even had Stull pled facts showing he had standing, I would still likely dismiss his complaint for failure to state a claim. Although Stull offers little explanation of his due process claim, I assume that Stull intends to bring a claim pursuant 42 U.S.C. § 1983 based on the City of Portland's violation of his procedural due process rights under the Fourteenth Amendment of the Constitution. A § 1983 claim based upon the deprivation of procedural due process has three elements: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process." *Portman v. Cnty of Santa Clara*, 995 F.2d 898, 904 (9th Cir.1993). Here, Stull does not identify a particular constitutionally-protected liberty or property interest that was harmed by the City Council's enactment of Ordinance #183754. Stull's *in forma pauperis* application states Stull earns money from performing as a street musician. Nevertheless, Stull never alleges that the ordinance hinders his street performances, nor would Stull's expectation of earning tips from street performances rise to the level of a "legitimate claim of entitlement" as required under well established procedural due process jurisprudence. *See Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 577 (1972). Further, although Stull alleges the City failed to follow its own requirements for council votes by telephone, it is far from clear that such procedures are constitutionally mandated.

Stull's potential ADA claim is even more vague. Even assuming that the City's enactment of Ordinance #183754 amounts to a constitutional violation, Stull does not explain what aspects of the ADA would require the City to pass an alternative ordinance pertaining to sidewalks.

Page 5 - FINDINGS AND RECOMMENDATION

Finally, based on the sparse facts Stull alleges, it is not clear that this court even possesses subject matter jurisdiction to hear Stull's claim. The focus of Stull's complaint is that the City Council ignored procedural requirements of the city charter, not that the ordinance was unconstitutional on its face or as applied. Indeed, under Oregon law, a city charter "defines and limits the legislative authority of the city... and, therefore, any city ordinance, rule, or regulation in conflict with its provisions is void." *Ramirez v. Haw. T & S Enters., Inc.*, 179 Or. App. 416, 425 (2002) (internal quotations omitted). Thus, Stull's complaint attempts to highlight a violation of the Portland City Charter, not the United States Constitution. As such, it possible that Stull asserts a cause of action created by state law, not federal law as required by 28 U.S.C. § 1331.

## CONCLUSION

Upon examination of Stull's application to proceed *in forma pauperis*, the court finds that Stull is unable to afford the costs of this action. Therefore, Stull's application (#1) is granted and his *in forma pauperis* status is confirmed. Moreover, for the reasons set forth above, Stull's complaint (#2) should be dismissed without prejudice. If Stull wishes to proceed with this action, he should file a new complaint alleging additional facts, including: (1) the basis for his standing to bring suit, including the actual injury he suffered from enactment of the ordinance; (2) the nature of the constitutionally protected property or liberty interest that was impaired by the City's enactment of the ordinance; (3) the basis for his ADA claim; and (4) the basis for federal subject matter jurisdiction. Finally, in light of this court's recommendation to dismiss Stull's complaint, the City of Portland's motion for extension of time (#5) should be denied as moot.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

Dated this 8th day of August, 2011.

_____
Honorable Paul Papak
United States Magistrate Judge